MEMORANDUM OPINION
{¶ 1} On August 25, 2003, appellant, Donald James Urbancic, filed a notice of appeal from a July 25, 2003, judgment of the Lake County Court of Common Pleas, Domestic Relations Division. Appellant has also indicated that he is appealing a July 30, 2003 judgment of the trial court.
 {¶ 2} In the July 25, 2003 judgment, the trial court ordered, inter alia, "an immediate three full day new trial for the January 4, 2002 motions before Magistrate Janice Evans." The motions in question were to terminate the shared parenting plan and for reallocation of parental rights and responsibilities. In the July 30, 2003, judgment, the court ordered that the case be transferred to the Honorable William W. Weaver, Judge of the Juvenile Division, to rule on any objections to the magistrate's decision and for adjudication.
 {¶ 3} On November 24, 2003, this court issued a judgment ordering appellant to show cause why this appeal should not be dismissed for lack of a final appealable order. Specifically, this court cited Grogan v. T.W. Grogan Co., Inc. (2001),143 Ohio App.3d 548, at 557, for the proposition that an order transferring a case from one judge to another judge is not considered a final appealable order.
 {¶ 4} Appellant filed a response on January 6, 2003, along with a motion to file the response instanter as the response was filed four weeks late. Appellee, Cathy M. Urbancic has not filed a response.
 {¶ 5} After considering the response filed by appellant, this court concludes that the trial court has yet to issue a final appealable order. The scheduling of a hearing before a magistrate is clearly not a final appealable order and, similarly, the transfer of a case to a different judge is not a final appealable order.
 {¶ 6} R.C. 2505.02 (B) defines a final order as one of the following:
 {¶ 7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 9} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims and parties in the action.
 {¶ 13} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 14} It is clear that the judgments from which appellant has attempted to appeal do not fit any of the foregoing categories. The action has not, in effect, been determined nor has a judgment been prevented. Additionally, no substantial right has been affected. Appellant will have a meaningful and effective remedy by way of an appeal after the trial court enters a final order.
 {¶ 15} Accordingly, this court does not have jurisdiction to consider the instant appeal due to lack of a final appealable order.
 {¶ 16} The appeal is dismissed.
Appeal dismissed.
Ford, P.J., and O'Neill, J., concur.